**WM. SPENCER & SON CORPORATION v. LOWE, Deputy Com'r of U. S. Employees' Compensation Commission, et al.**

District Court, S. D. New York.

Feb. 19, 1945.

Charles Landesman, of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Thomas G. Donlan, of New York City, of counsel), for defendants.

Abraham M. Fisch, of New York City, for claimant Louis Lindenberg.

CONGER, District Judge.

This is an action brought pursuant to Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 921, to set aside a compensation award made to claimant Louis Lindenberg by the Deputy Commissioner for the Second Compensation District.

The plaintiff objects to the order on the ground that the Commissioner erred in finding that the claimant Lindenberg was not a "master or member of a crew" at the

time of his injury, and as such excluded from the coverage of the statute, 33 U.S.C.A. § 903(a) (1).

The question involved is not new, but the divergent factual aspects of these cases present a novel problem in each instance.

However, the Supreme Court of the United States has had occasion to consider this point, and it has set forth certain rules which I think apply here.

■ In South Chicago Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, the Court, in considering the effect of sec. 19(a) of the Act, 33 U.S.C.A. § 919(a), which gives the Deputy Commissioner "full power and authority to hear and determine all questions in respect of" claims for compensation, and of sec. 21(b), which gives the Federal District Courts power to suspend or set aside, in whole or in part, compensation orders if "not in accordance with law", stated at page 257 of 309 U.S., at page 548 of 60 S.Ct.:

"So far as the decision that this employee, who was at work on this vessel in navigable waters when he sustained his injuries, was or was not 'a member of a crew' turns on questions of fact, the authority to determine such questions has been confided by Congress to the deputy commissioner. Hence the Court of Appeals correctly ruled that his finding, if there was evidence to support it, was conclusive and that it was the duty of the District Court to ascertain whether it was so supported and, if so, to give it effect without attempting a retrial."

■ And in Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931, the Court said at page 568 of 321 U.S., at page 749 of 64 S.Ct.:

"In considering those provisions of the Act in the Bassett case we held that the District Court was not warranted in setting aside such an order because the court would weigh or appraise the evidence differently. The duty of the District Court, we said, was to give the award effect, 'if there was evidence to support it.' 309 U.S. [251] at page 258, 60 S.Ct. [544], 84 L. Ed. 732. And we stated that the findings of the Deputy Commissioner were conclusive even though the evidence permitted conflicting inferences. 309 U.S. page 260, 60 S.Ct. page 549. Thus it is that the judicial review conferred by § 21(b) does not give authority to the courts to set aside awards because they are deemed to be against the weight of the evidence. More is required. The error must be one of law, such as the misconstruction of a term of the Act."

■ It seems, then, that if the finding of the Deputy Commissioner is based upon evidence, or is not plainly contrary to the character of the evidence, or entails no manifest misconception of a term of the statute, it should stand.

The essential facts as found by the Commissioner are as follows:

"That on the 6th day of June, 1944, the claimant * * * was in the employ of the employer * * * at New York, in the State of New York, in the Second Compensation District, * * * and that the liability of the employer for compensation under said Act was insured by itself; that the business of the employer herein is the lighterage of freight in and about New York Harbor; that the freight is transported by means of vessels which are without motor power for purpose of movement, must be towed from place to place, and are called lighters, gasoline hoisters, and barges; that the claimant is a lighter captain by occupation; and on June 6, 1944 was captain of the lighter 'Boonton' also described as a gasoline hoister, which was afloat in the East River; that the said vessel is 120' long, and 32'6" wide with a freight capacity of approximately 475 tons; that it has a cabin approximately 6 x 12', a mast and boom, and a 15 horse power gasoline engine used to load and unload the drafts of freight and to pump out water from the hold; that the claimant was employed on a daily basis, and at a daily wage of $7.80 between the hours of 8:00 A.M. and 5:00 P.M., and at the wage of $1.16 per hour for overtime; that he had no experience as a seaman, and had no master's or seaman's papers, and that such papers are not required by a lighter captain; that he was not furnished meals or quarters by the employer, and except for such times as he was required to work overtime lived on shore; that his duties consisted of operating the engine to raise and lower drafts of freight taken aboard and discharged from the lighter, procuring bills of lading, examining and checking each piece of freight as loaded and discharged, directing the stowing of the freight in order that it would be so placed as to facilitate its removal and to insure the vessel riding on even keel, pumping out water from the hold, making minor repairs, throwing lines to the dock

when tying up and affixing them to the lighter when casting off from the dock; tightening and loosening the lines from the lighter to the dock as occasion demanded and watching the cargo when required overnight, for which extra duty, extra remuneration was given; that the principal duties of the claimant were similar to those performed by longshoremen, checkers and talleymen in connection with the loading and discharging of cargo aboard vessels and on the dock, and were not principally in connection with the navigation of the vessel and hence, dissimilar to those of masters and members of the crews of vessels and that he was not a master or member of the crew of the lighter 'Boonton' as the term 'master or member of the crew of any vessel' is employed in the Act."

An examination of the record of the hearing before the Commissioner in my opinion substantiates his findings. The inference would seem to be that Lindenberg was primarily concerned with operating the hoisting machine, and checking and supervising the loading and discharging of cargo rather than the navigation of the vessel. True, he did concern himself with some activities of a navigational nature such as throwing lines and the like, but upon the whole it seems clear that his principal duties "were similar to those performed by longshoremen, checkers and talleymen". Even if a different inference could be gained from these factors, it would not justify an upsetting of the award. Norton v. Warner, supra; South Chicago Co. v. Bassett, supra; Voehl v. Indemnity Insurance Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Parker v. Motor Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184.

As I see it, using the rule laid down in the above cases as a yardstick in deciding this case and in passing upon the order of the Deputy Commissioner, after a review of the testimony taken before him, I may not set aside his order because I might appraise or weigh the evidence differently. My duty is to give effect to the award of the Commissioner, "If there was any evidence to support it". I found there is such evidence and if I set aside the order of the Commissioner I must find that he made an error, which "must be one of law, such as a misconstruction of a term of the Act". This I do not find.

After the trial plaintiff filed an affidavit with me and asked me to make it part of the record. I have not done so. I do not regard the facts in the affidavit as of any material value in the determination of the issue involved here. Under the circumstances I feel I should not include it in the record, but for the purpose of appeal I have marked it as Ex. A for identification.

I adopt and accept the findings of the Deputy Commissioner as my findings herein.

Defendants are entitled to a judgment dismissing the complaint of the plaintiff with costs.

Settle judgment on notice.